UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
JANNEY MONTGOMERY SCOTT LLC, :
:
Plaintiff, :
:
-against- : Civil Action No. 10-CV-04248 (LAK)
:
FRANK GREENBERG, KAREL :
GREENBERG, MARK LICHTER, and :
KATHERINE LICHTER, :
:
Defendants. :
------------------------------------------------------------x

### DECLARATION OF LANI A. ADLER IN SUPPORT OF
### PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

1.   I am admitted to the Bar of this Court and am a member of the law firm of K&L Gates LLP, attorneys for Plaintiff Janney Montgomery Scott LLC ("Janney") in this action. I make this Declaration on personal knowledge except where otherwise stated in support of Janney's Motion for a Temporary Restraining Order enjoining Defendants Frank Greenberg, Karel Greenberg, Mark Lichter, and Katherine Lichter ("Defendants") from proceeding with their claims against Janney in the FINRA arbitration, entitled *Frank Greenberg and Karel Greenberg, Mark Lichter and Katherine Lichter v. Wachovia Securities, LLC, Wachovia Securities Financial Network, LLC, Morgan Keegan & Co., Inc., Janney Montgomery Scott, LLC, Robert William Eddy, and Robert D. Gooch, III* (FINRA Case No. 10-00256) (the "FINRA Arbitration").

2.   Attached as Exhibit A hereto is a true and accurate copy of a letter dated May 26, 2010 from me to Nicole Haynes, Case Assistant Manager, FINRA Dispute Resolution, notifying FINRA of Janney's filing of the Complaint and Motion for Preliminary Injunction

seeking to enjoin Defendants from proceeding with the FINRA Arbitration against Janney. The letter states that such notification is not intended to be a waiver by Janney of its rights to respond to Defendants' claims or otherwise participate in the FINRA Arbitration, should it become necessary to do so depending on the Court's rulings.

3. Attached as Exhibit B hereto is a true and accurate copy of a letter dated June 7, 2010 from Ms. Haynes to me regarding the ongoing status of the FINRA Arbitration. This letter states, *inter alia*, "This case will continue to be processed with or without your Statement of Answer. You should be aware that, notwithstanding your failure to answer, the Panel may render an Award against you."

4. Attached as Exhibit C hereto is a true and accurate copy of an e-mail dated June 24, 2010 from my partner Jeffrey T. Kucera, who also represents Janney, to Brian G. Isaacson, Esq., counsel for Defendants, regarding a possible agreement for a stay of the FINRA Arbitration and giving Defendants' counsel notice of Janney's intent to move for a temporary restraining order in the absence of such an agreement. To date, Defendants have refused to agree to stay the FINRA Arbitration against Janney. The letter Mr. Kucera sent to Mr. Isaacson yesterday requesting, again, that Defendants agree to stay the FINRA Arbitration against Janney pending the Court's determination of that motion followed several telephone conversations that occurred between counsel for Janney and for the Defendants in the weeks subsequent to Janney's filing of the Complaint and preliminary injunction motion papers, in which counsel discussed a stay as well as the request by Defendants' counsel for additional time to respond to the preliminary injunction motion. While Janney had hoped, and tried, to agree on a stay without application to the Court, given the June 28, 2010 deadlines requiring Janney to respond to FINRA's demands that it select arbitrators in the FINRA proceeding and for Janney to make

FINRA aware of its availability for a conference in the arbitration in August 2010 (as to which demand Janney only received notice, from Defendants' counsel, yesterday), see Paragraphs 5 and 6 below, and Exhibits D and E hereto, Janney could not agree to any request to extend Defendants' time to respond to the preliminary injunction motion, which was filed May 26, 2010, and served on both Defendants personally and their counsel, absent a stay. To date, Defendants have not responded to the preliminary injunction motion.

5. Attached as Exhibit D hereto is a true and accurate copy of a letter dated June 7, 2010 from Ms. Haynes to me, regarding the procedure for the appointment of arbitrators in the FINRA Arbitration, and demanding that Janney notify FINRA, by June 28, 2010, of the arbitrators it prefers. Furthermore, the letter states that if Janney fails to abide by that deadline, it "will be deemed to have accepted all Arbitrators on the lists."

6. Attached as Exhibit E hereto is a true and accurate copy of an e-mail, along with its attachment, dated June 24, 2010 from Mark J. Wilson, Esq., counsel for Defendants, to the various attorneys representing the respondents in the FINRA Arbitration, including myself, regarding the selection of a mutually agreeable date in August 2010 for the pre-hearing conference in the FINRA Arbitration. Attached to Mr. Wilson's e-mail is the form request from FINRA requiring all the participants, including Janney, to provide their availability for the pre-hearing conference by June 28, 2010. The form indicates that if Janney fails to abide by that deadline, then FINRA will schedule the pre-hearing conference based on the arbitrators' availability.

7. Attached as Exhibit F hereto is a true and accurate copy of a dispute resolution invoice dated June 14, 2010 submitted by FINRA to Janney in the FINRA Arbitration.

8.  Defendants' counsel filed a notice of appearance in this matter on or about June 21, 2010. In addition to the notice provided to Defendants' counsel by the email sent by Mr. Kucera to Mr. Isaacson on June 24, 2010, Exhibit C hereto, copies of this declaration, along with the accompanying Temporary Restraining Order and Janney's Memorandum of Law in Support of Temporary Restraining Order, are being served on Defendants' counsel by email this morning before these documents are filed with and submitted to the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 25, 2010

Lani A. Adler